UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE GLENN, | ) | CASE NO.: 4:21-CV-02276 |
| | ) | |
| Plaintiff, | ) | JUDGE: JOHN R. ADAMS |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION FOR** |
| | ) | **JUDGMENT ON THE PLEADINGS** |
| MICHELLE NICOLE FRENCHKO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now come Defendants, Michelle Nicole Frenchko and Trumbull County Commissioners, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and hereby move this Court pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings. A brief in support is attached hereto and incorporated herein by reference.

                Respectfully submitted,

                MAZANEC, RASKIN & RYDER CO., L.P.A.

                *s/Kathleen M. Minahan*
                KATHLEEN M. MINAHAN  (0064989)
                EDMOND Z. JABER  (0096355)
                100 Franklin's Row
                34305 Solon Road
                Cleveland, OH  44139
                (440) 248-7906
                (440) 248-8861 – Fax
                Email:   kminahan@mrrlaw.com
                              ejaber@mrrlaw.com

                *Counsel for Defendants Michelle Nicole Frenchko*
                *and Trumbull County Commissioners*

**BRIEF**

**I.  FACTUAL BACKGROUND**

Plaintiff Christina Glenn is employed as an administrative secretary to Defendant Board of Trumbull County Commissioners ("Board").  (ECF #1, PageID 2.)  Defendant Niki Frenchko ("Frenchko") was elected to the Defendant Board of Trumbull County Commissioners ("Board") and took office in January 2021. (ECF #1, PageID 2.)  Plaintiff's complaint alleges two federal claims against Frenchko and the Board, both of which were purportedly brought under Title VII. (ECF #1, PageID 2.) The first is a claim for age discrimination.  The second is a claim for "ethnic" discrimination.  For the reasons that follow, neither states a claim for which relief can be granted.

**II.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides in pertinent part that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir.2010).  A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

While a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Twombly,* 550 U.S. at 556).

### III. LAW AND DISCUSSION

#### A. Plaintiff Cannot State a Claim for Age Discrimination Under Title VII.

Plaintiff alleges that the Court has federal question jurisdiction over both of her claims because they arise under Title VII, 42 U.S.C. § 2000e. (Doc. 1, PageID #2.) As to her claim for age discrimination, however, Plaintiff is mistaken. "The language of [Title VII] does not include age …claims." *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006). The remedy for age discrimination arises under the Age Discrimination in Employment Act ("ADEA"), a claim that Plaintiff did not plead.[1] Thus, Plaintiff's claim for age discrimination under Title VII must be dismissed for failure to state a claim.

#### B. Plaintiff Also Cannot State a Title VII Claim Against Defendant Frenchko Individually.

Plaintiff's complaint fails to state a claim against Frenchko for the additional reason that there is no individual liability under Title VII (or the ADEA for that matter, although Plaintiff did not plead that claim). *Alessio v. United Airlines, Inc.*, No. 5:17-cv-1426, 2018 WL 902334, at *4 (N.D. Ohio Feb. 15, 2018); *Sack v. Barbish*, No. 1:21-CV-00364-PAB, 2021 WL 4148725, at *4 (N.D. Ohio Sept. 13, 2021). This is because "supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination.[2] *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (citing *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997)). The fact that Frenchko is one of three members of the Board that employs Plaintiff

---

[1] The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge ... or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

[2] Although Plaintiff did not plead an ADEA claim, "this conclusion applies with equal force to individual liability under the ADEA." *Sack v. Barbish*, No. 1:21-CV-00364-PAB, 2021 WL 4148725, at *4 (N.D. Ohio Sept. 13, 2021).

does not change the analysis. *Smith v. Lomax*, 45 F.3d 402 (11th Cir. 1995) (board of commissioners members could not be held liable as employer under ADEA or Title VII); *Mason v. Stalling,* 82 F.3d 1007, 1009 (11th Cir. 1996) (*citing Smith*, 45 F.3d at 403 n. 4 ("there is no individual responsibility" under Title VII or the ADEA). Thus, both claims against Frenchko must be dismissed.

        **C.**    **Plaintiff Did Not Exhaust Administrative Remedies Pertaining to Her Claim for Ethnic (Ancestry) Discrimination.**

Exhaustion of administrative remedies is a precondition to filing a Title VII lawsuit.[3] *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008). In order to exhaust administrative remedies, a plaintiff must "trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law.... These investigatory and conciliatory procedures notify potential defendants of the nature of plaintiffs' claims and provide them with the opportunity to settle the claims before the EEOC rather than litigate them." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir 1998). For this reason, "the general rule in this circuit ... is that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of East Tennessee,* 302 F.3d 367, 380 (6th Cir.2002) (internal citation omitted).

A plaintiff must exhaust administrative remedies for each and every claim asserted. *Id.* In order to determine whether a plaintiff has exhausted administrative remedies for a particular claim, "courts in the Sixth Circuit look to the charges the plaintiff explicitly files (i.e., which 'discrimination based on' boxes the plaintiff checks on the charge form) and to the facts the

---

[3] The exhaustion requirement is not jurisdictional, but it is a mandatory claims processing rule that the court must enforce unless waived. *Fort Bend County, Texas v. Davis*, U.S. (2019).

4

plaintiff includes on the form or in any accompanying documents. When a plaintiff files a charge asserting facts that are only related to race discrimination, for example, the plaintiff does not exhaust the administrative requirement for a sex discrimination claim, unless such a claim is supported by additional factual allegations." *Benzaoual v. OhioHealth Corp.*, No. 2:19-CV-3366, 2021 WL 2712174, at *8 (S.D. Ohio July 1, 2021).

Plaintiff did not allege in her complaint that she exhausted administrative remedies for either of her claims. She did not attach to the complaint a copy of her administrative charge or a right-to-sue notice. If she had, the Court would have seen that Plaintiff's charge said nothing about ancestry discrimination.[4] (Answer, Ex. A.) She did not check the box for "national origin/ancestry" discrimination and none of the allegations in her charge would have put the EEOC on notice that Plaintiff was making a claim on the basis of her Italian ancestry. *Bray v. Palm Beach Co.,* 907 F.2d 150, 1990 WL 92672, at *2 (6th Cir. June 29, 1990) ("the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge").

Because Plaintiff failed to exhaust administrative remedies for her claim of ancestry discrimination prior to filing suit, her "ethnic" discrimination claim against both Defendants must be dismissed. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 464 (6th Cir. 1998) (plaintiff who filed EEOC charge for race discrimination was barred from pursuing judicial claim for age discrimination because only evidence on charge to suggest age discrimination was

---

[4] "EEOC charges and related documents, including right-to-sue notices, are public records that the court may take judicial notice of when ruling on a motion to dismiss without having to convert the motion into one for summary judgment. OCRC records are also public records of which the court can take judicial notice." *Botter v. Tuesday Morning*, No. 1:18-CV-00847, 2019 WL 2452987, at *2 (S.D. Ohio June 12, 2019), *report and recommendation adopted*, No. 1:18CV847, 2019 WL 2643681 (S.D. Ohio June 27, 2019) (internal citations omitted).

plaintiff's birth date and length of employment.); *Coleman v. Cardinal Health 200, LLC,* 2013 WL 5954428 (E.D.Mich. November 7, 2013) (Plaintiff could not bring a race claim when she checked "retaliation" but not "race" on EEOC form).

### IV.  CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court grant its motion for judgment on the pleadings and dismiss Plaintiff's Complaint in its entirety and at Plaintiff's cost.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/Kathleen M. Minahan*
KATHLEEN M. MINAHAN  (0064989)
EDMOND Z. JABER  (0096355)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   kminahan@mrrlaw.com
             ejaber@mrrlaw.com

*Counsel for Defendants Michelle Nicole Frenchko and Trumbull County Commissioners*

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 22, 2022, a copy of the foregoing Motion for Judgment on the Pleadings of Defendants was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

             *s/Kathleen M. Minahan*
             KATHLEEN M. MINAHAN (0064989)
             EDMOND Z. JABER (0096355)

             *Counsel for Defendants Michelle Nicole Frenchko and Trumbull County Commissioners*