IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTINE GLENN, | ) | CASE NO. 4:21-cv-02276 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| MICHELLE NICOLE FRENCHKO, et al., | ) | **TO AMEND COMPLAINT, INSTANTER** |
| | ) | **(AND RESPONSE TO DEFENDANTS'** |
| Defendants. | ) | **MOTION FOR JUDGMENT ON THE** |
| | ) | **PLEADINGS)** |

Now comes Plaintiff Christine Glenn ("Plaintiff"), by and through counsel, pursuant to Fed.R.Civ.P. 15, and respectfully requests leave to file an Amended Complaint, Instanter (as well as Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings). The reasons for this request are more fully explained in a Brief in Support, attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ Dennis R. Fogarty
DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
29010 Chardon Road
Willoughby Hills, OH 44092
Ph:  (216) 348-1700
Fax: (216) 621-0602
Email: dfogarty@davisyoung.com
*Attorney for Plaintiff Christine Glenn*

## BRIEF IN SUPPORT

I. **INTRODUCTION**

Plaintiff Christine Glenn filed this case as an age discrimination and ethnicity discrimination against Defendant Board of Trumbull County Commissioners (the "Board") and Defendant Niki Frenchko ("Frenchko"). Defendants have now moved for judgment on the pleadings arguing:

(1) Plaintiff cannot state an age discrimination claim under Title VII, 42 USC § 2000e (as pled in Count One);
(2) Plaintiff cannot bring an action against under Title VII against Frenchko as an individual (as pled in Counts One and Two); and
(3) Plaintiff cannot bring an ethnicity discrimination claim because she failed to exhaust her administrative remedies (as pled in Count Two).

Plaintiff herein opposes dismissal of Count One but acknowledges Count Two may be subject to dismissal. In order to clarify her causes of action, Plaintiff requests leave to file an Amended Complaint, Instanter, attached hereto as Exhibit A. The Amended Complaint does not change the factual basis for Plaintiff's claims. The Amended Complaint will only:

(1) Clarify that Count One (age discrimination) is being raised under the ADEA solely against the Board;
(2) Add a state law age discrimination claim under O.R.C. § 4112, et seq.; and
(3) Remove the current Count Two (ethnicity discrimination), including removing Frenchko as a Defendant.

Plaintiff requests leave be granted because this Motion is being timely made prior to any Court proceedings or discovery and it will cause no prejudice to Defendants.

II. **FACTS**

Plaintiff's Complaint (and proposed Amended Complaint) arises out of her employment with the Trumbull County Commissioners. Specifically, Plaintiff alleges that she suffered adverse employment consequences as a result of age discrimination by the Commissioners, including

Commissioner Michelle Nicole Frenchko. The details of those allegations are not particularly relevant to this case. However, they are contained in the attached proposed Amended Complaint.

### III. DISCUSSION

#### A. Standards of Review

##### 1. Leave to Amend Complaint

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule is construed liberally, with a presumption in favor of the moving party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id*.

##### 2. Motion for Judgment on the Pleadings

When a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is based on the argument that the complaint fails to state a claim upon which relief may be granted, the Court employs the same legal standard as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987) ("Where the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, we must apply the standard for a Rule 12(b)(6) motion"). The Court will grant the Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks omitted). The Court

must construe "all well-pleaded material allegations of the pleadings of the opposing party...as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. at 581 (internal quotation marks omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Plaintiff's Motion for Leave to Amend Complaint

Plaintiff requests leave to amend her Complaint. The proposed amendment will simply clarify that this case is an age discrimination case being brought against the Commissioners. The ethnicity discrimination claim will be removed and Frenchko will not be sued directly; rather, through her position as a Commissioner. Other minor amendments have been made but, substantively, the allegations are identical to the original Complaint. Plaintiff is also adding a state law claim for age discrimination.

Plaintiff submits leave should be "freely granted" in this case. The changes are minor and non-prejudicial to Defendants. In fact, the amendment effectively dismisses one Defendant and removes one cause of action. Also, there has been no undue time delay of any sort. There has not even been a case management conference scheduled in the case. The undersigned would note that a case management orders typically sets a date for amendment of the pleadings. Therefore, this request is being made before that date has even been scheduled. Accordingly, Plaintiff respectfully requests leave be granted to file the attached Amended Complaint, Instanter.

### C. Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings

Plaintiff submits that, if she is granted leave to file an Amended Complaint, Defendants' Motion for Judgment on the Pleadings can be ruled moot. In the event leave is not granted, Plaintiff opposes dismissal of her age discrimination claims for the reasons discussed below.

In their renewed Motion for Judgment on the Pleadings, Defendants first argue that Count One (Age Discrimination) should be dismissed because a claim for age discrimination cannot be brought under Title VII of the Civil Rights Act of 1962. While Defendants are correct that paragraph 5 of the Complaint alleges that this Court has federal question subject matter jurisdiction over this case (28 U.S.C § 1331) pursuant to Title VII, Count One does not refer to Title VII. Rather, Count One of Plaintiff's Complaint unambiguously states a claim for age discrimination. Such a claim, indeed, arises pursuant to the Age Discrimination Employment Act, specifically 29 U.S.C § 623(a). No statute is pled in Count One.

Defendants have not cited to any case law that requires a specific statute be pled in each count. In fact, the Sixth Circuit has expressly rejected this argument, stating: "While a complaint need not cite the specific federal statute that is the basis for the claim, such as 42 U.S.C. § 1983, the factual allegations of the complaint must at least imply a cause of action under a federal statute." *Christenberry v. White*, No. 20-6349, 2021 WL 5983815, at *2 (6th Cir. July 2, 2021) (citing *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

In the present case, Defendants readily acknowledge that Count One alleges a claim for age discrimination. The fact that Defendants readily recognize that this is a claim under the ADEA, establishes that Plaintiff has met her pleading burden. Nevertheless, should this Court believe more specificity is required, Plaintiff is requesting leave to amend her Complaint to identify the ADEA as the basis for her age discrimination claim. A copy of the proposed Amended Complaint, which Plaintiff is requesting be filed instanter, is attached hereto as Exhibit A. In addition, to further clarify her claims, Plaintiff's Amended Complaint also seeks to add a claim for age discrimination under Ohio law in the proposed Count Two.

Defendants' Motion for Judgment on the Pleadings also argues that Defendant Frenchko is not a proper defendant because there is no individual liability under Title VII or the ADEA, and Plaintiff failed to exhaust her administrative remedy prior to bringing her claim in Count Two for ethnicity discrimination. Plaintiff herein is not opposing this aspect of Defendants' Motion. Instead, Plaintiff is requesting leave to file the attached Amended Complaint. The Amended Complaint removes Frenchko as a Defendant and no longer raises a claim for ethnicity discrimination. Therefore, Plaintiff would respectfully request leave be granted, rendering this aspect of the Motion for Judgment on the Pleadings moot.

## IV. CONCLUSION

For the above reasons, Plaintiff Christine Glenn respectfully requests leave to file an Amended Complaint, Instanter.

Respectfully submitted,

 /s/ Dennis R. Fogarty
DENNIS R. FOGARTY (0055563)
*Attorney for Plaintiff Christine Glenn*

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Motion for Leave to Amend Complaint, Instanter (And Response to Defendants' Motion for Judgment on the Pleadings) was electronically filed with the Court on March 17, 2022. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. Parties may access this filing through the Court's case management and electronic case filing system.

Kathleen M. Minahan, Esq.
Edmond Z. Jaber, Esq.
Mazanec Raskin & Ryder Co., LPA
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
Email: kminahan@mrrlaw.com
       ejaber@mrrlaw.com
***Attorneys for Defendants Michelle Nicole Frenchko and Trumbull County Commissioners***

                                        */s/ Dennis R. Fogarty*
                                       DENNIS R. FOGARTY (0055563)
                                       ***Attorney for Plaintiff Christine Glenn***