UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE GLENN, | ) | CASE NO. 4:21-CV-2276 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHELLE NICOLE FRENCHKO, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

The question before the Court is whether Plaintiff Christine Glenn should be granted leave to amend her complaint to cure its deficiencies, or whether Defendants Nicole Frenchko ("Frenchko") and Trumbull County Commissioners ("Commissioners") (collectively, "Defendants") should be granted judgment on the pleadings under Fed. R. Civ. P. 12(c). For the following reasons, Defendants' Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 10) is DENIED.

### FACTS, HISTORY, AND PENDING MOTIONS

On December 2, 2021, Plaintiff filed her original complaint against Frenchko and the Commissioners, alleging age and ancestry discrimination. (EFC No. 1, Complaint). Plaintiff initially sued under 28 U.S.C. § 1331 Title VII of the American Civil Rights Act of 1964. (*Id.* at PageID# 2, ¶ 5). Plaintiff alleged that, upon her election as a county commissioner, Frenchko arrived to work with a list of employees she intended to remove from the Commissioner's office. (*Id.* at ¶ 10). Additionally, Frenchko was allegedly overheard stating she would "badger the old ones 'til they quit" and expressed a desire "to get someone younger in [Plaintiff's] position who knows technology." (*Id.* at ¶¶ 11, 12). Plaintiff also stated that she "is of Italian descent and was

subjected to defamatory and derogatory statements made about Italian people by Frenchko." (*Id.* at PageID# 3, ¶16).

The Complaint includes two counts: Count One asserts a federal age discrimination claim,[1] and Count Two alleges "Ethnic Discrimination" against Frenchko. Notably, the Complaint states that Plaintiff remains employed as the administrative secretary for the Trumbull County Commissioners, and does not allege that the Commissioners have taken any adverse action against her. (*Id.* at PageID# 2, ¶ 8).

Defendants jointly filed an Amended Answer[2] to the Complaint on February 22, 2022, generally denying the allegations against them, and included among their affirmative defenses that "Plaintiff has no damages and/or has failed to mitigate damages." (EFC No. 7, PageID# 13, ¶ 3). On February 25, 2022, Defendants filed a Renewed Motion for Judgment on the Pleadings.[3] (EFC No. 9). Defendants claim the Court should dismiss for three reasons:

1) Age discrimination is not a cognizable claim under Title VII, and Plaintiff should have instead brought that claim under the Age Discrimination Employment Act (ADEA) (*id.* at PageID# 37);

2) Frenchko is an improper party to the action, as neither Title VII nor the ADEA impose individual liability on supervisors or managers (*id.*); and

---

[1] Plaintiff's Complaint bases federal jurisdiction on Title VII of the Civil Rights Act. (EFC No. 1, PageID# 2, ¶ 5). Count One does not reference Title VII, but generally alleges a federal age discrimination claim. Part of Defendants' Motion for Judgment on the Pleadings concerns the fact that age discrimination is not a valid claim under Title VII. Plaintiff's Amended Complaint seeks to correct this deficiency by pleading that her age discrimination claim is made pursuant to the ADEA, not Title VII.

[2] Defendants filed an Answer and Amended Answer on the same day. (*See* EFC Nos. 5 & 7). Upon a comparison, the documents are essentially the same with a few details added from one to the next. Those details are not relevant to this analysis.

[3] Defendants first filed a Motion for Judgment on the Pleadings on February 22, 2022 (EFC No. 6), but amended their Answer later the same day (EFC No. 7). Therefore, considering the re-closure of the pleadings, Defendants filed a Renewed Motion on February 25, 2022.

    3) Plaintiff's ancestry discrimination claim is not ripe because Plaintiff did not exhaust her administrative remedies by pursuing the ancestry discrimination claim with the EEOC (*id.* at PageID# 38).

In response, Plaintiff filed a combined Motion for Leave to Amend Complaint *Instanter* and Response to Defendants' Motion for Judgment on the Pleadings. (EFC No. 10). In support of the Motion for Leave, Plaintiff points out that leave to amend has been sought within a reasonable time, particularly since the Court has not yet held a case management conference. (*Id*. at PageID# 45). Plaintiff notes that Defendants will not be prejudiced by the proposed amendments; in fact, the proposed amended complaint dismisses Frenchko as a party and dismisses Count Two in its entirety. (*Id.*). Lastly, Plaintiff's proposed amended complaint seeks to add a new state law age discrimination claim under Ohio Rev. Code Ann. § 4112, *et seq*.

Plaintiff also argues that dismissal of her age discrimination claim is improper because the original complaint did not specify the statute pursuant to which it was made, and therefore she should have an opportunity to clarify that she makes that claim under the ADEA and not Title VII. (*Id*. at PageID# 46). Plaintiff concedes that her individual claim against Frenchko should be dismissed. (*Id*. at PageID# 43). Defendants oppose Plaintiff's Motion for Leave, arguing that the amendment is futile since Plaintiff has not alleged any recoverable damages. (EFC No. 11, PageID# 47). Specifically, Defendants cite to 29 U.S.C. § 626(b)—listing "unpaid minimum wages," "unpaid overtime compensation," and "reinstatement or promotion" as sole remedies—and note that, since Plaintiff remains employed by the Commissioners, her claim for lost income, without more, does not aver sufficient facts to support a plausible claim for relief under the ADEA. (*Id.*).

Plaintiff filed a Reply in support of her Motion for Leave to Amend Complaint on March 30, 2022 (EFC No. 12). Plaintiff addresses the ADEA damages issue by pointing out that the proposed amended complaint states, as a result of Defendants' conduct, "Plaintiff suffered a loss of income." (EFC No. 12, PageID# 66; *see* EFC No. 10-1, PageID# 51, ¶ 22). Plaintiff's Reply also states that "Plaintiff's actual damages will be further explored through discovery," (*id.*) and that "Plaintiff has alleged sufficient damages resulting from Defendants' unlawful discriminatory actions for which she is entitled to seek relief under the ADEA." (*Id.*).

On May 3, 2022, the Court *sua sponte* ordered the parties to submit briefs on the Court's subject-matter jurisdiction. In light of the briefing submitted by the parties, the Court finds a reasonable basis for subject-matter jurisdiction. Plaintiff's claims are ripe and ruling on the merits of the parties' motions would not "entangle" the court in an "abstract disagreement." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

## LAW AND ANALYSIS

### I.

#### i. Motion for Judgment on the Pleadings Standard

Fed. R. Civ. P. 12(c) provides that, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard applicable to a motion for judgment on the pleadings is the same as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001).

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual

allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 793 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This standard is not about the plaintiff's probability of success; rather, it merely demands that a plaintiff plead enough facts for the court to reasonably infer that discovery will be productive. *Id.* at 793–94 (citing *Twombly*, 550 U.S. at 556). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

    **ii.    Motion for Leave to Amend Complaint Standard**

Pleading amendments are governed by Fed. R. Civ. P. 15. Rule 15(a)(2), which provides that, in instances of amendment other than amending within 21 days of service of the initial complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Plaintiff's original complaint was filed on December 2, 2021. (EFC No. 1). Plaintiff's Motion for Leave to Amend Complaint was filed on March 17, 2022. (EFC No. 10). The 21 days allowed to amend without leave have expired, meaning that Fed. R. Civ. P. 15(a)(2) applies. Defendants oppose the proposed amendment. (*See* EFC No. 11).

The Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 182 (1962), held that courts may not deny an amendment request without explaining its reasoning for doing so, and clarified the grounds that could justify denial of such a request:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires" .... In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of the amendment*, etc.—the leave should, as the rule requires, be "freely given." ... outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion.

(Emphasis added).

Like a motion for judgment on the pleadings, whether a proposed amendment is "futile" is governed by the standard applicable to a Rule 12(b)(6) motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). The Sixth Circuit recognizes that "a proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see Pyskaty v. Wide World of Cars, LLC,* 856 F.3d 216, 224–25 (2d Cir. 2017) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or fail to state a claim under Rule 12(b)(6)."); *Bauchman for Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason.").

## II

In Defendants' opposition to Plaintiff's Motion to Amend, Frenchko and the Commissioners argue that permitting Plaintiff leave to file the complaint as amended would be

6

futile because the amended complaint fails to state a claim. Since the tests for futility and judgment on the pleadings are the same, the Court will address both matters together.

The ADEA prohibits an employer from discharging an employee due to his or her age. 29 U.S.C. § 623(a)(1). It also forbids an employer to "limit, segregate, or classify" its employees based on age. 29 U.S.C. § 623(a)(2). When an employee is fired for age-based reasons, traditional tort-based remedies are not available. The only available remedies are "monetary remedies . . . limited to back wages . . . and liquidated damages." *C.I.R. v. Schleier*, 515 U.S. 323, 336 (1995). For the ADEA, liquidated damages are an additional penalty available to an improperly terminated employee, capped at an equal amount of the award for back pay, and only available if the ADEA violation is "willful." *Wheeler v. McKinley Enter.*, 937 F.2d 1158, 1163 (6th Cir. 1991). The Sixth Circuit also recognizes front pay as permissible equitable relief. *Rouse v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993).

The proposed amended complaint alleges that Frenchko began her term as a Trumbull County Commissioner with a list of employees she wanted to remove from office, including Plaintiff. (EFC No. 10-1, PageID# 50, ¶ 10). Plaintiff contends that Frenchko (1) made multiple statements disparaging her and other older employees in the Trumbull County Commissioner's Office (*id.* at ¶¶ 11–12); (2) harassed Plaintiff for not making changes she requested (*id.* at ¶ 13); and (3) threatened to (but ultimately did not) change Plaintiff's COVID-19-related work accommodations (*id.* at ¶ 14). Plaintiff alleges that, "as a result" of Defendants' actions, she has "suffered physical and emotional damage, . . . a loss of income, attorney's fees, and other damages the Court deems proper under the ADEA, including punitive damages." (*Id.* at PageID# 51, ¶ 22).

The ADEA requires an injury. The only remedies available under the ADEA are those "judgments compelling employment, reinstatement or promotion . . . [or] unpaid minimum wages

or unpaid overtime compensation." 29 U.S.C. 626(b). Thus, the only relief that Plaintiff can receive is wages or benefits that were denied to her because of her age. *Moskowitz v. Tr. of Purdue Univ.*, 5 F.3d 279, 283–84 (N. D. Iowa 1993) (holding that post-retirement income and the cash value of fringe benefits are not recoverable under the ADEA). Without an injury the ADEA can redress, there is no remedy available. *See Vaughn v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 592–93 (5th Cir. 2017) (affirming dismissal of an ADEA claim when the only remedies sought were pain and suffering and punitive damages); *Meyers v. I.B.M. Corp.*, 335 F. Supp. 2d 405, 412 (S.D.NY 2004) (holding that the plaintiff did not suffer a compensable injury under the ADEA when his job transfer was not accompanied by a loss of salary, benefits, or job classification); *Moore v. Accenture, LLP*, 1:05-CV-2532-RWS, 2006 WL 8432863, at *3 (N.D. Ga. Sept. 19, 2006), *aff'd on other grounds*, 06-15650, 2007 WL 3313152 (11th Cir. Nov. 9, 2007) (holding that a plaintiff lacks standing to assert an ADEA claim when an employer's failure to accommodate does not result in lost income). *But see Younger v. D.C. Pub. Schs.*, 325 F. Supp. 3d. 59, 62 (D.D.C. 2018) (noting that equitable remedies, such as nominal damages and declaratory judgments, have not been expressly foreclosed as an ADEA-claim remedy by the D.C. Circuit Court).

The proposed amended complaint supplies no factual basis for Plaintiff's alleged lost income. Income is defined as "the money or other form of payment that one receives, usu. periodically, from employment . . . ." *Black's Law Dictionary* (11th ed. 2019). The proposed amended complaint alleges, just as the first complaint alleged, that Plaintiff remains employed as an administrative secretary for the Trumbull County Commissioners. (*Id.* at PageID# 50, ¶ 8). There is no claim that she was suspended, demoted, passed up for a promotion, or otherwise lost time at her job. Since Plaintiff was not terminated, demoted, suspended, nor otherwise lost time

from work—that is, since she alleges no change in employment status that would affect her income—then even under the favorable standard afforded to non-movants under Fed. R. Civ. P. 12(b)(6), there is no plausible connection between Defendants' actions and/or inactions and Plaintiff's claim of lost income.

The Court finds, without facts supporting an injury that is compensable under the ADEA, Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted. In light of Plaintiff's concession that Count Two of the Complaint should be dismissed, Defendants' Motion for Judgment on the Pleadings is GRANTED, and Plaintiff's Motion for Leave to Amend Complaint as to Count One is DENIED on futility grounds.

### III.

This Court has determined that the filing of Count One of Plaintiff's proposed amended complaint would be futile. Count One of Plaintiff's Complaint and Plaintiff's proposed amended complaint alone conferred subject-matter jurisdiction upon this Court. Accordingly, the Court declines to exercise supplemental jurisdiction over Count Two of the proposed amended complaint, which asserts a purely state-law claim, and this action is dismissed. *See* 28 U.S.C. §1367(c)(3).

**IT IS SO ORDERED.**

**Dated: November 22, 2022**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**